I'm Steve Morris. I'm here with Laura Norton, a lawyer and client representative. I'm representing The Appellant, the CityCenter Boutique Residential Development Company. I would like to reserve two minutes for rebuttal, and I'd like to open my remarks with this. The district judge, when he heard our motion to compel arbitration, decided it against us, and he said, in his opinion or his order, which he reaffirmed in an order denying reconsideration, that this arbitration agreement we're faced with does not cover the type of claim the plaintiff is making. That's all he said, and he would not, even though we invited him to do so and to consider new authority on the point. He would not say what the type of claim or claims, if he had more than one in mind, were. As we read the answering brief in this case, it comes down to, I believe this. I believe this is a fair characterization of the points on which the appellant and the respondent, or the plaintiff and the defendant, differ. What is the? Sorry? Reviewing the complaint, what is the prayer in the complaint? For rescission. Is there anything else? There's no prayer other than rescission, right? They're claiming rescission. Oh, but the only thing they want is rescission. Isn't that correct? I believe that's correct. I mean, I reviewed the complaint. Yes. There's no other thing there except rescission. I think that's correct. So if rescission is the only remedy requested, the only relief wanted, and the district court says we can't give relief with that what they want, then the court has reviewed the provisions of the contract, it seems to me. And that's what I tried to do. And I guess I'm trying to figure out what your best argument is that paragraph 22.2, with the exception of buyer's or seller's claim for an equitable remedy, does not control the outcome of this case. My point is, I believe my point is this, and if I can repeat them and answer your question. I mean, I'm trying to review this. Are you saying this contract is ambiguous? No, I'm not. I'm saying this. You're saying that it's absolutely clear and that if I read this paragraph, starting with the top of dispute resolution in paragraph 22 and read through 22, it's absolutely clear that other than a claim for equitable relief, we're going to mediation and arbitration, right? Other than a claim for equitable relief. We're going to mediation and arbitration. We're going to arbitration. If the claim is for equitable relief, we go to arbitration. Well, that doesn't what it says. It says within the exception of the buyer's and seller's claim for equitable remedy. Yes. Now, I mean, I read 22.1. 22.1, there's a lot of words there, but it all is kind of summed up in the language, shall be resolved according to the procedures set forth in this paragraph 22 exclusively. So I have to read the rest of 22 to determine what to do. So I go to paragraph 22.2. All right. And then when I get there, it says the parties agree that all disputes, claims, controversies arising out of or relating to this agreement with the exception of buyers or sellers claim for equitable remedy shall be submitted to arbitration and mediation. So it seems to me that with exception of buyers or sellers claim for equitable remedy, then if we're going to have an equitable remedy, we cannot be subject to going to arbitration and mediation for this particular contract. And we go directly to arbitration. But where does it say we go directly to arbitration? It doesn't say that anyplace. Well, Your Honor, I've been. Where is the language that says we go directly to arbitration? With the exception of buyer and seller's claim for an equitable remedy. Which is the only one we have here, rescission. Shall be submitted to judicial arbitration and mediation services jams. So if we want restitution, which is an equitable remedy, how do we ever get to arbitration? I don't find any language that says if we want an equitable remedy, we go to arbitration. Well, I believe we do. If it's clear from the language, what language do you want me to read that says that? I want you to read paragraph 22.1, among other things. That doesn't say anything except shall be resolved according to the procedures set forth in the paragraph. Well, it does say this. It says that any claim of fraud or misrepresentation arising out of or related to the And you're discussing the scope of the applicable. Well, but just a minute. And any other substance agreement by the parties shall be resolved according to the procedures set forth in this paragraph. Then I go to 22.2, and it says the parties agree that any and all disputes, claims, or controversies arising out of or relating to this agreement with the exception of buyers or sellers' claim for an equitable remedy shall be submitted to arbitration. So it seems to me plain and clear, which is what you're arguing, if they're going to ask for an equitable remedy, they do not need to go to arbitration or mediation. All they need to do is go to the court. I respectfully differ with you on this proposition. If it's clear language you're telling me? What I'm saying to you and what we've said in our brief, and I don't mean to be unduly contentious about this. Well, I'm not trying to. I'm trying to get your best argument. So you're not being unduly contentious at all. I'm excited about you helping me. Well, I accept the invitation you extended before the proceeding started. And I want to discuss with you the point that we make in our brief and what the law does. You read all of the language in it. You've got to give effect to all of the language in the arbitration paragraph, not just carving out, as you have, I believe, by referring to the language in the arbitration paragraph. What other language do you want me to read which can help me interpret this agreement besides what I have suggested? Well, I want to – I've suggested you read paragraph 22.1 that discusses any claim of fraud or misrepresentation. And I submit to you that you should read and consider the claim that has been made by the Respondent here, and that is this arbitration agreement is exclusively devoted to constructional defects. And the claim they are making is not for a constructional defect. And our disagreement, I submit to you, doesn't say that. Another contention they make is that there's an ILSA claim in this, a Federal statutory claim. And that can't be arbitrated, they say, because Nevada law must be applied. Now, we pointed out, as we do – as we did in our opening and our closing brief and as I'm saying to you now, there isn't any exception – there's no exception here for exempting a claim for a Federal statutory claim for arbitration. Mr. Morris, can you state succinctly what you think this Court should do? I think you should vacate that. You should reverse the decision of Judge Proulx. For what reason? For what reason? Because he decided what has been submitted to the arbitrator under this paragraph for decision, and that is the scope of this agreement. Does it cover equitable claims or not? That's the position these folks have taken on appeal, and it's the position that we addressed in our papers. It's the position I thought we had addressed before Judge Proulx. We're not arguing here about whether this agreement is unconscionable, unenforceable. That has been conceded. We have an agreement to arbitrate. And you're not arguing that it's ambiguous? I'm not arguing that it's ambiguous. I'm arguing that you have to interpret it. But I'm not saying it's ambiguous for the purpose of taking extrinsic evidence. I'm saying if you read all this language in the arbitration agreement, read it as a whole, it is crystal clear, at least it is to me, that if you're going to – Better hope it is to us. That's what you – that's what you – Well, your time has expired. Well, I'm here to do myself for you gentlemen, and I'm sorry that I did. Your time has expired, but we'll give you two minutes for rebuttal. Thank you. May it please the Court. Rob Murdoch on behalf of plaintiffs. Mr. Murdoch, at some point, I wish you'd go specifically to respond to his argument. His point, I gather, is that he didn't need a decision from the Court that the contract controlled and that now we should – he should – he should not be in court. I gather that's his bottom line. I think that is his bottom line. The problem is that's wrong. I want the contract to control. The contract says, with the exception of buyers or sellers claim for an equitable remedy. They put that in. We didn't put it in. Right. I think the difficulty is, from your point of view, is the question of scope of agreement. In other words, should the decision that you pose, does – are equitable remedies carved out? Is that a decision for the arbitrator or for the Court in the first instance? That's, I think, the hurdle you have to address. Sure. And if you remember the Rent-A-Center case, the Rent-A-Center case – Oh, yes. I quite well remember the Rent-A-Center case. The Rent-A-Center case – I got reversed on that one. That scope, that agreement, was delineated specifically. It says the arbitrator will hear this, this, and this. This doesn't say that. This says the scope will be decided in accordance with paragraph 22.2. It doesn't say the arbitrator will decide it. And that's important, because then you jump down to 22.2, and you get to the, well, with the exception of buyers or sellers claiming for an equitable remedy. Takes it out. So we've done that. You don't have to have the arbitrator to do that. This 22.1 does not say the arbitrator decides this. It – all it says is it has to be decided within the procedure set forth in paragraph 22.2. So how does this differ from the Momot case or Momot case? I don't know how they pronounce it. Because that's the case that seems to – at least it gives me some pause. It has similar language. It said let's arbitrate in connection with the scope of this paragraph. And the language is pretty similar. So how do you distinguish it? Well, again, the language in the Momot case also specifically talked about the arbitrator. We don't have that. We specifically say the scope looks to 22.2. It doesn't say the arbitrator. If it said the arbitrator, they might be right, but it doesn't say that. It says 22.2. So all you have to do, and all Judge Proh had to do, was go jump down to 22.2 and see the same words that Judge Smith said, with the exception of buyers or sellers claiming for an equitable remedy. That's it. That takes it out of the scope of it. How do you deal with paragraph 22.3? This is the arbitration selection of an arbitrator. The language there says, In no event shall a demand for arbitration be made when the institution of legal or equitable proceedings based on such dispute in question would be barred by latches. If that is really what the language says, why did they include or equitable proceedings in that paragraph? Your Honor, I don't know why they put it in that paragraph. I really don't know why. Well, let me ask you, look at 22.1. Okay. We got 22.1. We say it shall be resolved according to the procedure set forth in this paragraph exclusively. And then we have another language. Provided, however, that either party may seek preliminary judicial relief, comma, in its judgment, such action is necessary to avoid irreparable damage during the pendency of such procedures. Given that 22.3 talks about equitable proceedings, and given that 22.2 talks about equitable relief, are we really just talking about preliminary judicial relief? No, Your Honor. Why? Because 22.1 is specific. It is specific for preliminary judicial relief in terms of injunctive relief. That's why. That's the difference. Your Honor, you know, it's not just the equitable relief argument. There is the other argument that seemed to be scoffed at by counsel. And what it is, is it's only for constructional defects anyway. The language that they cite, they bold and they capitalize, is specific. The first line of paragraph 22 says, this paragraph 22 affects your rights under NRS chapter 40 regarding constructional defects. That's it. The second sentence goes to regarding constructional defects again. So when somebody is reading this, they say, oh, constructional defects, constructional defects. Then you get to the third sentence. They want to say that opens it up to everything. Well, no, because what it says is, it expressed intent of seller under this paragraph 22 to change location and venue in which any claim, cause of action, cause of action or lawsuit for, among other things, constructional defects, including but not limited to a claim under NRS chapter 40 to a private binding arbitration as provided herein. They want to say, well, among other things. Well, no, no, no. Constructional defects under chapter 40 is one claim. There is also personal injury and wrongful death claims outside of chapter 40. That's why this is a constructional defect paragraph. What they also say is, they say, well, we have to go over. Well, but you really forget the first paragraph, which says this paragraph 22 affects your rights under chapter 40 regarding constructional defects. The terms and conditions set forth in this paragraph modify your rights and procedures set forth in chapter 40. Right. And chapter 40 is the constructional defect statute. That's all it is. And what they do is they say, they keep saying, well, we have to bold this and capitalize it because of Nevada law. So how do you reconcile the language in the second paragraph that says, among other things, constructional defects? I mean, that would seem to indicate it's a little broader than the scope of paragraph 40. Well, because constructional defects has constructional defects within chapter 40 and construction defects outside of chapter 40. Personal injury, wrongful death claims are outside of chapter 40. They're not included in constructional defect terms. So in other words, you could have a constructional defect that causes an injury, a personal injury. That is not broad pursuant to chapter 40. That's why that's in there. All right. Well, I understand your theory, but then 22.1 increases the scope by quite a measure. I mean, it talks about any claim. Well, yeah, it does. But on the other hand, like counsel said, you have to look at it as a whole. If they're saying that they needed to bold this and they had to do it under Nevada statute, right? Well, no, they didn't. They had to do it under a case to make it conspicuous. The statute they talk about says nothing about that. I misspoke. Nevada law. Nevada law. Yeah. It's a liability waiver. It's not a construction defect. So it's not a construction defect.  It's a property defect. And so even then, they didn't even comply with it because it has to be underlined. It's not even underlined. So with that said, then we move on to the ILSA argument. Now, can you arbitrate an ILSA claim? That's tough to say under Jackson you can't. I mean, given, I mean, Jackson involved a statutory claim. I agree. That didn't even. I think you can. And I think the reality is you can do it. You can arbitrate it. What you can't do is waive the provisions of ILSA within the arbitration. You can go arbitrate it. I mean, Jackson was pretty close. There's a statutory remedy, and the Supreme Court said it doesn't matter. You can waive that in your, you can send that to arbitration and waive your right to pursue it. Absolutely, except ILSA has an anti-waiver statute. Yes. That's the difference. And Greenwood didn't. And that's correct. Greenwood doesn't help you either. I disagree, Your Honor. Greenwood does help because – I'm sorry, Your Honor. Because in arbitration, removing the matter from either State or Federal court would allow the parties to go arbitrate those claims. That's all it says. You can go arbitrate the claims. But the caveat that CompuCredit says specifically is that any agreement to waive the liabilities and remedies under the Act cannot be waived. That's CompuCredit at 691. So, Your Honor – Can you give us a succinct statement of what you think our ruling should be? I know, not so succinct that you say affirmed. To that point, what do you think we should say based on this record? We're looking at a contract, aren't we? Yes. And we're interpreting it. And when the judge – when Judge Proh interpreted, he came to the conclusion that you wanted him to reach. That's correct. But the other side has now raised some issues that you'd have some difficulty seeing. They've been resolved as Judge Proh made his ruling. So, tell us what you think our succinct statement should be. There's an equitable remedy claimed here. Equitable remedies are outside of alternate dispute resolution. As a result of that, the matter should be affirmed. Thank you, counsel. Thank you. We have more. I know you've got something else you want to tell us, but you might want to tell us why he's wrong. Because the agreement says the dispute that he has tendered to you and asking you to affirm Judge Proh's decision goes to the arbitrator. And that's what I believe paragraph 22.1 says, which is also, I believe, responsive to your question with respect to 22.2. This says, the language says that, except as otherwise provided an addendum 2 to this agreement that addresses constructional defects, any claim, dispute, or other matter in controversy therein called dispute, whether based in contract, tort statute, or other legal theory, including, but not limited to, any claim of fraud or misrepresentation which is one of the claims being made here, and I assume, Judge Smith, that it is the basis for what follows the prayer for relief in paragraphs 1 and 2. They're asking for general damages, costs, attorney's fees, and punitive damages arising out of what they have pleaded previously, and that is fraud and misrepresentation in presenting this purchase and sale agreement to them. But going on with this language, arising out of a related to in this related to the agreement, including, this is the part I didn't get to in my responses to your first series of questions, including determination of the scope or applicability of the provisions in this paragraph 22. That, I believe, is responsive to your question. This gentleman who just preceded me is saying to you that questions with respect to whether you have to arbitrate equitable claims under this agreement or not, this provision says that issue, if it is an issue, has got to be resolved by the arbitrator. And in accordance with the provisions of the agreement. That isn't what the paragraph says, Counselor. Read on. You've listed all the things now that are subject to this agreement. What's the next language that's there? Or any subsequent agreement between the parties or breach thereof shall be resolved according to the procedure set forth in this paragraph 22 exclusively. All right. So when we're going to do all these things that you've got together have to be resolved according to paragraph 22, and 22.2 does not say all claims will be arbitrated. That's why I posed the question. Okay. That's why I wanted you to speak to that question. That's why his relief seems obvious. Well, I believe that what this what your questions are addressing and what your question is addressing, Judge Ferris, is this. Who is going to determine whether the claims they are making are arbitrable or not? And that is under paragraph 22. I'm using the looking at the whole paragraph, but now focusing on 21.1 and 22.2. I'm saying that is a decision for the arbitrator. It is not a decision for the court. If the agreement we have is valid and it is enforceable, if this arbitration provision is contained within a contract that is not invalid as a whole, then any questions with respect to its scope or application, including to equitable claims, go to the arbitrator. Well, your argument is that determination of scope goes there. But at the end of the day, if we leave the threshold issue aside, how do you hope to prevail on 22.2? I'm sorry? I mean, how do you hope to prevail on the scope of the argument, the scope of arbitration, whether or not the issue is presented to the arbitrator or the court, when it carves out equitable remedies, which is what they seek in this case? I realize they seek other things, but at least as to their equitable remedies, how do you hope to win on that before any, whether it's an arbitrator or the judge? Well, I hope to win it by virtue of the language that we've been discussing here among others. Well, you know, I get you. You're trying to distinguish the underlying basis for equitable relief from equitable belief, relief. But do you have any case that says that? I apparently don't misunderstand. No, you seem to be relying on the fact that they're relying on misrepresentations as the basis for their equitable relief as saying that paragraph .2 doesn't apply, unless I misunderstand your argument. No. What I'm saying is, or what I think I'm saying is, that in paragraph 22.1, claims with respect to fraud and misrepresentation go to the scope of this agreement and they go to arbitration for decision. Yes, I think we're saying the same thing. But what case says that you can separate remedy from right in this respect? I believe it's the case. I don't have a case for you on this particular point, with the exception of buyer or seller's claim for an equitable remedy, because I believe the scope of the application and the scope of that is defined by what follows, shall be submitted to JAMS or its successor for mediation. We didn't go to mediation here. My questions have taken you over your time. I thank you for the indulgence. The case just heard will be submitted for decision. Thank you both for your arguments. I do have one. I'm sorry. I do have one question. Have you two tried to mediate this ever? I mean, you're supposed to go to mediation in the first place. I guess I'm wondering why you haven't tried it. We have certainly discussed it. We have discussed it. Well, let me ask you this question to follow up, and I think it's a good question that Judge Mintz has. Would the assistance of a circuit mediator be of some aid? It won't affect our decision one way or the other, but is that something you would like us to approach? We have no problem with it. Yes, no? We're willing. Okay. Very good. Thank you. Thank you. Don't worry. Your willingness or unwillingness has no bearing on what we decide. I didn't say what it seemed.
judges: Farris, Thomas, Smith